**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4926**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

UGLJESA PANTIC,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00479-NCT)

Argued:  October 29, 2008          Decided:  January 23, 2009

Before WILKINSON and DUNCAN, Circuit Judges, and Richard D.
BENNETT, United States District Judge for the District of
Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** K. E. Krispen Culbertson, Greensboro, North Carolina,
for Appellant.  Patrick Auld, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**
Anna Mills Wagoner, United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ugljesa Pantic appeals his conviction on charges of making materially false statements on his United States immigration applications in violation of 18 U.S.C. § 1546(a), specifically failure to report his military service in the Army of the Republika Srpska (the "VRS") during the Bosnian Civil War of 1992-1995. During pretrial hearing and trial, Pantic unsuccessfully challenged the admissibility of military records that were seized from the Zvornik Brigade headquarters that revealed his former military service in the VRS. Because the district court did not abuse its discretion in admitting the records as authenticated under Fed. R. Evid. 901 and within the Fed. R. Evid. 803(8) hearsay exception for public records, we affirm.[1]

I.

The International Criminal Tribunal for the Former Yugoslavia (the "ICTY") in The Hague investigates alleged war crimes that occurred during the Bosnian Civil War. (J.A. 35, 180.) The ICTY investigated the July 1995 Srebrenica massacre,

_____

[1] The related case of United States v. Vidacak, No. 07-4904 (4th Cir. Jan. 23, 2009), concerns the same issue with respect to the admissibility of military documents seized from the Zvornik Brigade headquarters.

2

wherein elements of the VRS, primarily from the Zvornik and Bratunac Brigades, over-ran a United Nations safe-area and executed thousands of Bosnian Muslims. In the spring of 1998, ICTY agents executed a search warrant at the Zvornik Brigade headquarters and seized various military records. (J.A. 43, 201.) The ICTY provided a list of persons who served in the VRS to the Department of Homeland Security's Department of Immigration and Customs Enforcement ("ICE"), to be cross-referenced against a database of refugees. As a result of this inquiry, it was determined that Pantic had served in the VRS. (J.A. 217.)

On December 11, 2006, ICE agents located Pantic at his home and with the aid of an interpreter, Pantic waived his Miranda rights and admitted that he served in the VRS during the Bosnian Civil War and that he had knowingly falsified his U.S. immigration applications to conceal that service. (J.A. 281-83, 307-14.)

On April 4, 2007, Pantic filed a motion in limine to exclude, inter alia, four exhibits of military records indicating Pantic's military service during 1992-1995. (J.A. 11-14.) The district court held a pre-trial hearing jointly with two defendants in related cases to consider the issue. (J.A. 16-173.) The records were ultimately admitted at trial

over Pantic's objection. (J.A. 46-47.) Richard Butler, a military analyst and researcher with the ICTY, testified to demonstrate the authenticity of the records and explained his involvement in the seizure, cataloguing, and storage of the records from the Zvornik Brigade headquarters. (J.A. 31, 176.) At the close of trial, Pantic was found guilty and sentenced to time served with three years of supervised release and a special assessment of $100. (J.A. 341-46.)

## II.

This Court "review[s] decisions to admit evidence for abuse of discretion." United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). Accord United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995); United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). "Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court; rather, [it] must determine whether the [district] court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

### A.

Pantic contends that the district court abused its discretion in admitting the military records since they were improperly authenticated. He claims that the records are not

4

self-authenticating under Fed R. Evid. 902(3), and that the district court failed to make a finding that the purported military records were "public documents."  In addition, Pantic argues that the Government failed to show sufficient indications of reliability to meet the authentication requirements under Fed. R. Evid. 901(a).  He notes that Government witness Richard Butler did not testify as to how the records were created and their specific history prior to their seizure in 1998.

To satisfy the burden of authentication under Fed. R. Evid. 901(a), a proponent need only present "evidence sufficient to support a finding that the matter in question is what the proponent claims."[2]  Fed. R. Evid. 901(a).  The district court plays a gate-keeping role in assessing whether the proponent has established a suitable foundation from which the jury could reasonably find that the evidence is authentic.  United States v. Branch, 970 F.2d 1368, 1371 (4th Cir. 1992).  The proponent's burden of authentication is slight--only a prima facie showing is required.  See United States v. Goichman, 547 F.2d 778, 784 (3d Cir. 1976) ("There need only be a prima facie showing, to

---

[2] Despite the attention provided by Pantic to the issue, the Government never contended that the military records qualified as self-authenticating documents under Fed. R. Evid. 902(3). Since we find that the records were sufficiently authenticated under Fed. R. Evid. 901, we need not address the issue with respect to Rule 902(3).

the court, of authenticity, not a full argument on admissibility."). See also, Weinstein's Federal Evidence § 901.02[3] (2008) ("Generally speaking, the proponent of a proffered exhibit needs only to make a prima facie showing that the exhibit is what the proponent claims it to be.").

The district court did not abuse its discretion in finding that the Government satisfied its burden of authentication. Richard Butler's testimony was independently sufficient to establish a prima facie case that the military documents revealed Pantic's participation in the VRS during the Bosnian Civil War. Butler testified in detail about his involvement in the seizure, cataloguing, and storage of the records from the Zvornik Brigade headquarters. Although he never accounted for the history of the documents prior to their seizure, under Rule 901, a proponent need not establish a perfect chain of custody for documentary evidence to support their admissibility. United States v. Cardenas, 864 F.2d 1528, 1531 (10th Cir. 1989) ("deficiencies in the chain of custody go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects, and based on its evaluation, may accept or disregard the evidence."). Indeed, sufficient indicia of reliability existed to support the admissibility of the records. The documents were found where they would be expected to be found--the Zvornik Brigade headquarters that was still

6

functioning at the time of the search. They bore unique indexing numbers that rendered them readily identifiable as VRS records from the Bosnian Civil War. Pantic, on the other hand, has offered no basis for inferring that the records were forged or altered.

B.

Pantic also argues that the military records should have been excluded as inadmissible hearsay and that the exception set forth in Fed. R. Evid. 803(8) is not applicable under the facts of the case. However, we find that the records clearly fall within the hearsay exception of Fed. R. Evid. 803(8) in that they constitute "[r]ecords, reports, statements, or data compilations, in any form, or public offices of agencies, setting forth (A) the activities of the office or agency . . . ." Pantic contends that this exception is not applicable since the records at issue cannot be said to constitute "public documents." But this argument is both unsupported and unavailing--courts regularly admit foreign records pursuant to this exception. See, e.g., United States v. Demjanjuk, 367 F.3d 623, 631 (6th Cir. 2004) (Nazi German Service Identity Card); United States v. Garland, 991 F.2d 328, 334-35 (6th Cir. 1993) (Ghanian judgment); United States v. Grady, 544 F.2d 598, 604 (2d Cir. 1976) (Northern Ireland constabulary firearms report).

The contents of the military records themselves confirm that they are records of the activities of the VRS, and contrary to Pantic's suggestion, Rule 803(8) does not require a sponsoring witness. See, e.g., United States v. Doyle, 130 F.3d 523, 546 (2d Cir. 1997); United States v. Loyola-Dominguez, 125 F.3d 1315, 1318 (9th Cir. 1997). Nonetheless, Butler's testimony regarding the seizure, cataloguing, and storage of the records, and his identification of the documents based upon their indexing numbers and their distinctive characteristics further reinforced their qualification under the Rule 808(8) hearsay exception.

## III.

The district court did not abuse its discretion in admitting the military records revealing Pantic's involvement in the VRS.[3] Accordingly, we affirm.

AFFIRMED

---

[3] Pantic argues that because the foreign military documents were inadmissible, his confession was also inadmissible under the corpus delicti rule, as established in United States v. Sapperstein, 312 F.2d 694 (4th Cir. 1963). (Appellant Br. 25.) Under this rule a defendant's "extrajudicial confession must be corroborated as to the corpus delicti." Sapperstein, 312 F.2d at 696. However, because we hold that the district court did not err in admitting the VRS records, Pantic's corpus delicti claim is moot.